FILED
SUPERIOR COURT
OF GUAM

2018 APR 13 PM 3: 22

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PORT AUTHORITY OF GUAM, ) | SPECIAL PROCEEDINGS CASE NO. |
| ) | SP0072-16 |
| PETITIONER, ) | |
| v. ) | |
| ) | |
| CIVIL SERVICE COMMISSION, ) | FINDINGS OF FACTS AND |
| ) | CONCLUSIONS OF LAW RE: PETITION |
| RESPONDENT, ) | FOR JUDICIAL REVIEW |
| ) | |
| AND ) | |
| ) | |
| EDDIE N. CASTRO, ) | |
| ) | |
| REAL PARTY IN INTEREST.) | |
| ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on December 18, 2017, for a hearing on Petitioner Port Authority of Guam's ("Petitioner" or the "Port") Petition for Judicial Review. Joanne Brown, General Manager of the Port, and counsel of record, Attorney Michael Phillips were present. Real-Party-in-Interest Eddie N. Castro ("Castro") and his counsel Attorney William Pole were also present. Although notice of the hearing was provided to the Civil Service Commission (the "Commission"), no representatives attended the hearing.[1] At the conclusion of the oral arguments, the Court took the matter Under Advisement pursuant to CVR 7.1 of the Local Rules of the Superior Court.

---

[1] At the time the Commission's Brief on the Petition for Judicial Review was filed, the Commission was represented by Attorney John G. Nowakowski. On December 28, 2017, a Substitution of Counsel was filed wherein R. Todd Thompson is identified as the interim successor to former Commission Administrative Counsel John G. Nowakowski.

The Port argues the Court should reverse the Commission's Judgment because A) the Commission utilized the incorrect burden of proof pursuant to 4 Guam Code Ann. § 4407, and B) the Commission exceeded its authority under 4 Guam Code Ann. § 4406, by demoting Castro to a non-existent position of "Guard." Petitioner's Opening Brief on Petition for Judicial Review, pp. 1-2 (Oct. 9, 2017).

In response, Castro asserts the Commission has no authority to apply a lower burden of proof in his case, thus the Court should defer to the Commission's interpretation that the allegations against Castro did not involve a crime. Opp. to Port Authority Of Guam's Opening Br. and Real Party in Interest Request for Attorney Fees, pp. 7-8 (Nov. 6, 2017). Moreover, Castro maintains reinstatement of his position does not hinge on whether the position of "guard" is currently open and is not subject to the competitive actions. *Id.* pp. 10, 14. Finally, Castro argues he is entitled to attorney's fees pursuant to legal precedent set forth in *Guam House. Corp v. Guam Civil Serv. Comm'n (Potter)*, 2015 Guam 22, and *Guam Mem'l Hosp. Auth. v. Civil Service Comm'n (Chaco)*, 2014 Guam 27.[2] *Id.* p. 15.

The Commission also opposes the Port's petition for judicial review and contends the Port's argument is moot because the Commission found that Castro committed the acts after applying the "clear and convincing" standard. Respondent's Br. on Pet. for Judicial Review, p. 2 (Nov. 6, 2017). Additionally, under Section 4406, the Commission argues, it is granted broad authority to "sustain, modify, or revoke the action taken," and that there is no legal deference owed by the Commission to the Port's decision on the appropriate level of discipline. *Id.* at p. 3. The Commission also contends even if a "guard" position is not available, substantial compliance is possible where the Commission's decision was to "enact the severest demotion." *Id.* at p. 6.

//

//

---

[2] Opinion Amended and Superseded on Rehearing by *Guam Memorial Hospital Authority v. Civil Service Commission*, 2015 Guam 18.

## FINDINGS OF FACT

1. On April 5, 2013, the Port served Castro with a Notice of Final Adverse Action, where his employment was terminated pursuant to 4 GCA Section 4406. The action was taken in accordance with Chapter 11, Rule 11.303, governing Authorized Causes for Adverse Action, of alleged violations of the Personnel Rules and Regulations, specifically (B) Refusal or failure to perform prescribed duties and responsibilities, (D) Falsification of Records, (E) Insubordination, and (H) Unauthorized absences. Incident 1 was described as Castro utilizing the Port Police official vehicle near the Naval Magazine area of Santa Rita, beyond Port Police jurisdiction at approximately 1:00 a.m. on February 14, 2013. Incident 2 was described as Castro falsifying the time he reported to and left work on his timesheet on February 16, 2013. Castro reported he was on duty from 5:00 p.m. to 11:00 p.m., but actually reported only from 9:15 p.m. to 9:30 p.m.

2. Castro was employed by the Port for twenty (20) years and was approximately three (3) weeks from retirement when he was terminated.

3. Castro appealed his termination to the Commission on April 17, 2013. The Commission held Merit Hearings from June to August, 2015.

4. In August, 2015, after the Port indicated the correct standard applicable was the "substantial evidence" standard, but the Commission voted to use the "clear and convincing" evidence standard. Accordingly, the Commission applied this standard in determining whether the Port proved Castro committed the acts charged and whether the Port was correct in its act terminating Castro.

5. On March 29, 2016, the Commission issued its Decision and Judgment.

    a. The Commission held the Port "proved by clear and convincing evidence that Castro committed" Incidents 1 and 2.

    b. The Commission took a separate vote to determine the appropriate penalty to be taken against Castro for his actions. Three (3) of the Commission members voted to modify the termination and three (3) members voted to uphold the Port's

decision to terminate Castro. After further deliberation, the Commission decided, by a vote of 5 to 1, to place Castro in the position of "Guard" at the Port.

    c. The Commission *did not* find that Castro prevailed for the purpose of awarding attorney's fees.

6. On April 28, 2016, the Port filed the instant Petition for Judicial Review. Castro filed an Answer for Petition for Judicial Review on May 4, 2016.

## CONCLUSIONS OF LAW

### A. Jurisdiction and Standard of Review

1. "The decision of the Commission or appropriate entity shall be final, but subject to judicial review." 4 Guam Code Ann. § 4406.

2. The Guam Supreme Court has held that a trial court is *obligated* to follow the standard of review set forth under Section 9240 of the Administrative Adjudication Law ("AAL"). *Guam Waterworks Auth. v. Civil Service Comm'n (Mesngnon)*, 2014 Guam 35 ¶ 8. Section 9240 provides as follows "Judicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with law or not supported by substantial evidence, the Court shall order the agency to take action according to law or the evidence." *Id.* (quoting 5 Guam Code Ann. § 9240).

3. Further, the Guam Supreme Court found that a trial court must conduct a *de novo* review of the Commission's conclusion of law and must affirm the Commission's findings of fact, and any conclusions resulting therefrom, if supported by substantial evidence. *Id.* ¶ 9. "This is because the reviewing body may not substitute its views for those of the [agency], but instead must accept the [agency's] findings unless they are contrary to law, irrational, or unsupported by substantial evidence. *Id.* ¶ 9 (citing *Fagan v. Dell'Isola*, 2016 Guam 11 ¶13 (alterations in original)).

4. "Substantial evidence is more than a mere scintilla, but less than a preponderance." *Guam Mem'l Hosp. Auth. v. Civil Serv. Comm'n* (hereinafter "*Chaco*"), *2015* Guam

18, ¶ 15 (citing *NLRB v. Int'l Bhd. of Elec. Workers, Local 48,* 345 F.3d 1049, 1053–54 (9th Cir. 2003) (internal quotation marks omitted)). It means such relevant evidence as "a reasonable mind might accept as adequate to support a conclusion." *Id.*

## B. Standard of Proof under 4 Guam Code Ann., Article 4 (Civil Service Commission)

1. Section 4407(a) provides, "Upon the hearing of any adverse action appeal, the burden of proof shall be upon the government to show clearly and convincingly that the action of the Branch, department, *agency or instrumentality was correct.*" (emphasis added).

2. Section 4407(c) provides, "In cases involving charges which could be a crime if the person was charged in a criminal action, the Commission shall determine the matter based upon substantial evidence *that the employee committed the acts charged.*" (emphasis added).

3. Unlike in *Port Authority v. Civil Service Commission (Javelosa)* SP0151-14, the Commission in this case found that the Port met its burden of proof in establishing that Castro committed the acts charged.

4. Because the Commission found that the Port "proved by *clear and convincing evidence* that Castro committed" incidents 1 and 2, any argument that they should have utilized the lower standard of substantial evidence is moot. The Court agrees with the Commission that the use of a higher burden of proof was not outcome determinative since the Commission found the Port succeeded in proving the employee committed the acts alleged.

5. Further, Rule 11.7.3 of the Commission's Rule of Procedure and Section 4406 provides, the Commission is not bound to accept the Port's punishment even upon finding that the Management met its burden proving the charges/claims against the Employee.

6. Therefore, the Court will not reverse the Commission's findings on this basis.

## C. Commission's authority to modify adverse actions under 4 Guam Code Ann. § 4406 and Rule 11.7.3

1. The Supreme Court of Guam has recognized the Commission's authority to modify the adverse action taken by an agency pursuant to Section 4406. *Potter,* 2015 Guam 22, ¶ 18 (citing *Chaco,* 2015 Guam 18 ¶ 38).

2. Further, Rule 11.7.3 of the Commission's Rule of Procedure grants the Commission broad discretion to modify an adverse action even when the agency meets its burden of proving the charges.[3] Specifically, Rule 11.7.3 provides if the Commission finds "that because of the Employee's past record or the gravity of the offense, or the facts and circumstances of the case, that the adverse action should be modified, *it may modify the adverse action accordingly.*" (Emphasis added).

3. Accordingly, the Court does not deny the Commission's broad discretion to modify an agency's adverse action as described under Section 4406 and Rule 11.7.3; however, that Court cannot affirm such a decision if it is not "in accordance with the law or not supported by substantial evidence." 5 Guam Code Ann. § 9240; *See also Fagan v. Dell'Isola,* 2016 Guam 11¶ 11.

4. The Court is now tasked to determine whether the Commission has exceeded its authority under Section 4406 by demoting Castro to the position of "guard" – a position which did not exist in the staffing pattern of the agency. The Court must find

---

[3] In its entirety, the rule provides:

> If Management proves the charges, but the CSC finds, that because of the Employee's past record or the gravity of the offense, or the facts and circumstances of the case, that the adverse action should be modified, it may modify the adverse action accordingly. The reasons for such modification shall be stated in the decision of the CSC. Any compensation or the benefits due as a result of the modification shall be restored to the Employee. The CSC may not modify an adverse action to the Employee's detriment.

> In the event that the CSC modifies the adverse action taken by Management, the CSC shall make a separate determination as *to whether the Employee has prevailed for purposes of awarding attorney fees.*

(emphasis added).

that substantial evidence supports the Commission's decision to exercise its statutory discretion in order for the Commission to prevail. *Chaco*, 2015 Guam 18, ¶ 14.

5. Upon reviewing the record before it, specifically the transcript from August 18, 2015 of the Board Deliberation, the Court finds there was insufficient evidence to support the Commission's decision to place Castro in the "guard position". Cert. of Tr., Case No. 13-AA13T, pp. 1111-1175 (May 17, 2018). During deliberations, the Commissioners were deadlocked, 3-3 for dismissal and modification. *Id.* p. 1167. It was then suggested by the Chairman, "If you're going to go demotion, then we're going to demote –put it down to guard." *Id.* pp. 1168-1169. Other Commissioners questioned whether such a position existed at the Port and whether there was a difference between a guard, armed guard, and security guard positions. One Commissioner inquired if the Port staffing pattern included a position of "guard," which was erroneously confirmed by yet another Commissioner. *Id.* p. 1171.

6. Although the Port submitted the proposed judgment and could have raised the argument that the "guard" position did not exist at that time, the Port before this Court now confirms that this position does not exist and that the lowest position is that of an "armed guard." Decl. of Felixberto A. Duenas (Nov. 22, 2017).

7. The Court cannot uphold the Commission's decision and place Castro in the most severe demotion of "guard" when (1) the position does not exist at all at the Port and (2) the "most severe" demotion would be to that of a security guard (armed). The Commissioners specifically expressed that they intended Castro be demoted to a "guard" and not a security guard position. Cert. of Tr., *supra*, pp. 1173-1174.

### D. Attorney's fees

1. An employee who ultimately prevails in an adverse action appeal "is entitled to [the] attorney's fees and costs that [he or] she incurred while prosecuting this appeal under section 4406.1 both at the Superior Court and Supreme Court." *Guam House. Corp v.*

*Guam Civil Serv. Comm 'n* (hereinafter *"Potter"*), 2015 Guam 22, ¶ 26 (citing *Chaco*, 2015 Guam 18 ¶ 48).

2. Making the determination of whether a party prevailed "requires the trial court to look at the lawsuit as a whole to determine which party, if any, prevailed." *Id.* ¶ 45 (citing *Rahmani v. Park*, 2011 Guam 7 ¶ 64).

3. In compliance with Rule 11.7.3[4], the Commission is instructed to determine whether Castro has prevailed for the purpose of awarding attorney fees.

## CONCLUSION

For the reasons set forth above, the Court finds the Commission's modification of the adverse action was not supported by substantial evidence. Therefore, the case is REMANDED to the Commission for further proceedings to determine: 1) whether the Commission shall uphold its modification of the Port's adverse action despite that the position of "guard" does not exist; and 2) based on its decision on REMAND whether to proceed with the modification, the Commission shall further determine whether Castro has prevailed for the purposes of awarding attorney fees.

SO ORDERED this _____ APR 1 3 2018 _____.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
PHILLIPS & BORDALLO
~~Guamafacao~~ of Pole
Date: 4-13-18 Time: 3:23PM
Deputy Clerk, Superior Court of Guam

---

[4] *See supra.*